UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Elizabeth T. Foster, Attorney at Law, LLC
22 E. Quackenbush Ave.
Dumont, NJ 07628
201 290 5761
201 215 9574 (fax)
liztlaw@gmail.com
*Attorney for Plaintiff*

-----------------------------------------------------------------x
CHRISTOPHER E. BROWN,
an individual,

    Plaintiff,
v.                                                                                   Civ. No.:

BLOOMFIELD PLAZA ASSOCIATES L.P.,
a New Jersey Limited Partnership,

    Defendant.
-----------------------------------------------------------------x

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this Complaint and sues BLOOMFIELD PLAZA ASSOCIATES L.P., a New Jersey Limited Partnership, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Newark District of New Jersey.

3. Plaintiff is a qualified individual with a disability under the ADA. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

4. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

5. Defendant, BLOOMFIELD PLAZA ASSOCIATES L.P., a New Jersey Limited Partnership, (hereinafter referred to as "Defendant"), is registered to do business in the State of New Jersey. Upon information and belief, Defendant is the owner and operator of the real property and improvements which are the subject of this action, to wit: "the "Property," a shopping center, generally located at 107-135 Bloomfield Avenue, Bloomfield, New Jersey 07003.

6. All events giving rise to this lawsuit occurred in the Essex County of New Jersey.

**COUNT I**
**(VIOLATION OF TITLE III OF THE ADA)**

7. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

8. The Property, a shopping center, is open to the public and provides goods and services to the public.

9. While at the property, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

10. MR. BROWN continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein, which still exist.

11. MR. BROWN plans to and will visit the Property in the near future to utilize the goods and services offered thereon.

12. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct the following barriers to access which were personally observed, encountered and which hindered Plaintiff's access:

    A. Plaintiff encountered and experienced inaccessible tenant entrances due to lack of level landings and lack of pull side clearances;

    B. Plaintiff encountered and experienced inaccessible parking due to lack of signage and faded striping;

    C. Plaintiff encountered and experienced inaccessible curb ramps servicing Dollar Tree and Staples due to excessive lip, excessively sloped side flares, and lack of level landing at top of ramp

    D. Plaintiff experienced inaccessible curb ramp servicing Dunkin Donuts due to lack of level landing at top of ramp and excessive cross slope; and

    E. Plaintiff encountered and experienced inaccessible curb ramp servicing Sprint due to excessive lip.

13. Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

14. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

15. Independent of his intent to return as a patron to the Property, Plaintiff

additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased, leased to and/or operated by Defendant is in violation of the ADA;

B. That the Court enters an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enters an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court awards reasonable attorneys' fees, costs (including expert

fees), and other expenses of suit, to the Plaintiff; and

E.    That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: March 22, 2018

        Respectfully submitted,


By: */s/ Elizabeth T. Foster*
Elizabeth T. Foster, Esq.
Elizabeth T. Foster, Attorney at Law, LLC
22 E. Quackenbush Ave.
Dumont, NJ 07628
201 290 5761
201 215 9574 (fax)
Liztlaw@gmail.com

*Attorney for Plaintiff*